■ In the Matter of the Arbitration between GERTRUDE GORDON, Individually and as Natural Guardian of STEPHEN GORDON, an Infant, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered June 24, 1968, granting a temporary stay of arbitration to MVAIC, unanimously reversed, on the law, without costs and disbursements, and MVAIC's motion for a permanent stay granted, without costs. The infant claimant was allegedly injured on May 22, 1966, when an automobile in which he was riding and which was being driven by Stern, collided with an automobile driven by Indelicato. The claimants (the infant and his mother) have alleged that they were "insured" persons under the uninsured indemnification indorsement in a policy of insurance issued to the mother on an automobile owned by her. Since the policy referred to was issued subsequent to July 1, 1965, claimants' relief as "insured" persons is against the insurer under said policy and not against MVAIC. (Insurance Law, § 167, subd. 2-a; § 605, subd. [a]; *Allstate Ins. Co.* v. *MVAIC*, 30 A D 2d 803.) Furthermore, it appears that an arbitration proceeding was instituted by the claimants as "insured" persons under a liability policy covering the Stern vehicle. Finally,

the claimants' alleged status as "qualified persons" is questionable (see *Matter of Knickerbocker Ins. Co. [Farson]*, 22 N Y 2d 554, 559; *Allstate Ins. Co.* v. *MVAIC, supra*), and, in any event, they do not have an arbitrable claim against MVAIC. Concur — Eager, J. P., Capozzoli, Markewich, Rabin and Macken, JJ.